### 2002 OK JUD ETH 4

### JUDICIAL ETHICS OPINION 2002–4.

#### No. 2002–4.

Oklahoma Judicial Ethics Advisory Panel.

April 5, 2002.

QUESTION 1: Can an active Judge be involved in a campaign organized by the County Commissioners to win passage of a county-wide sales tax to finance the construction of a new County Jail?

WE ANSWER: YES

Canon 4: "**A Judge Should So Conduct the Judge's Extra–Judicial Activities as to Minimize the Risk of Conflict With Judicial Obligations** ...

**C. Governmental, Civic or Charitable Activities**....

(2) A judge should not accept appointment to governmental committee or commission or other governmental position that is concerned with issues of fact or policy on matters other than the improvement of the law, the legal system as the administration of justice unless with the specific approval of the Supreme Court ...

(3) A judge may serve as an officer, director, trustee or non-legal advisor of an organization or governmental agency devoted to the improvement of the law, the legal system or the administration of justice ... subject to the following limitations and the other requirements of this Code.

> (a) a judge should not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization

> (i) will be engaged in proceedings that would ordinarily come before the judge, or ...

> (b) a judge as an officer, director, trustee or non-legal advisor, or as a member or otherwise:

> (i) may assist such an organization in planning fundraising and may participate in the management and investment of the organization's funds, but shall not personally participate in the solicitation of funds or other fundraising activities;

> (ii) may make recommendations to public and private fund-granting organizations on projects and programs concerning the law, the legal system or the administration of justice;

> (iii) should not personally participate in membership solicitation if the solicitation might reasonably be perceived as coercive or, except as permitted in Section 4C(3)(b)(i), if the membership solicitation is essentially a fund-raising mechanism;

> (iv) should not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation."

It is our opinion that a campaign to build a new county jail, particularly in those instances where the current jail has been found inadequate and/or in violation of prescribed standards by an appropriate oversight body, clearly is a matter that relates to the "improvement of the law, the legal system or the administration of justice" as referred to in Canon 4(C).

Historically, the probability of a legal challenge to this type of election is so infrequent that it would not invoke the prohibition of Canon 4(C)(3)(a)(i). Likewise, we do not see this as the type of political activity that would in any manner be prohibited by any of the provisions of Canon 5.

We do caution that the judge should be mindful of the canons relative to fund-raising and should refrain from any such activities regarding this election process.

/s/ Robert L. Bailey, Chairman

/s/ Robert D. Simms, Vice Chairman

/s/ Milton C. Craig, Secretary